21-925-cv
*Morales v. City of New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of July, two thousand twenty-two.

PRESENT:
> BARRINGTON D. PARKER,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> > *Circuit Judges*.

---

RICARDO MORALES,

> *Plaintiff-Appellant*,

> v.                                                           21-925-cv

CITY OF NEW YORK, a municipal entity,
MAYOR BILL DE BLASIO, LISETTE CAMILO,
DEPARTMENT OF CITYWIDE
ADMINISTRATIVE SERVICES,

> *Defendants-Appellees*.

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Robert D. Kraus and Geoffrey A. Mort, Kraus & Zuchlewski LLP, New York, NY. |
| FOR DEFENDANTS-APPELLEES: | Richard Dearing, Melanie T. West, and MacKenzie Fillow, *for* Georgia M. Pestana, |

Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-appellant Ricardo Morales ("Morales"), the former Deputy Commissioner of the New York City Department for Citywide Administrative Services ("DCAS"), appeals from a judgment of the district court (Koeltl, *J.*) granting summary judgment in favor of the City of New York (the "City"), DCAS, and individual defendants-appellees former Mayor Bill de Blasio ("Mayor de Blasio") and former DCAS Commissioner Lisette Camilo ("Camilo"), on his First Amendment retaliation claim under 42 U.S.C. § 1983. Morales alleges that he was terminated from his position as DCAS's Deputy Commissioner of Asset Management, in violation of the First Amendment, because he provided unfavorable statements to investigators during interviews regarding the City's involvement in two transactions made during his tenure: (1) negotiations involving the renewal of a leasehold to Water's Edge, a Long Island City restaurant; and (2) the sale of the Rivington House property in the city's Lower East Side following the lifting of its deed restrictions. Each transaction became the subject of multiple inquiries and investigations, including ones by the New York City Council, the Office of the New York City Comptroller, the City Department of Investigation ("DOI"), the United States Attorney's Office for the Southern District of New York, and the Federal Bureau of Investigation.

The district court granted the defendants' motion for summary judgment, concluding that Morales's statements during the investigative interviews (one of which was under oath) were made in furtherance of his position as an employee of the City—not as a private citizen—and therefore

2

were not protected by the First Amendment. Furthermore, the district court held that Morales failed to show that a causal connection existed between his cooperation with investigators and his later discharge, and, in any event, defendants provided sufficient evidence to establish that Morales would have been terminated for other reasons even in the absence of the speech at issue.

Because we agree that no reasonable juror could find that Morales's testimony was the but-for cause of his termination, we affirm.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

**DISCUSSION**

A district court's grant of summary judgment is reviewed de novo. *Spak v. Phillips*, 857 F.3d 458, 461 (2d. Cir. 2017). "[A]ll ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." *Bay v. Times Mirror Mags., Inc.*, 936 F.2d 112, 116 (2d Cir. 1991) (quoting *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir. 1988)). Summary judgment is appropriate only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To prevail on a First Amendment retaliation claim, a plaintiff must establish that protected speech was a but-for cause of some adverse employment action. *See Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999) ("The causal connection must be sufficient to warrant the inference that . . . the adverse employment action would not have been taken absent the employee's protected speech."). "Causation can be established either indirectly by means of circumstantial evidence,

---

[1] Because we affirm on the grounds that no reasonable juror could find that retaliation was the but-for cause of Morales's termination, we need not decide whether Morales engaged in any protected speech.

3

for example, by showing that the protected activity was followed by adverse treatment in employment, or directly by evidence of retaliatory animus." *Id.* "[A] plaintiff may not rely on conclusory assertions of retaliatory motive to satisfy the causal link. Instead, he must produce some tangible proof to demonstrate that his version of what occurred was not imaginary." *Cobb v. Pozzi*, 363 F.3d 89, 108 (2d Cir. 2004) (internal quotation marks, citations, and alterations omitted).

Morales concedes that he has not produced any direct evidence of retaliatory animus. Instead, Morales relies on the five-month span between his allegedly protected speech in June of 2016—providing sworn testimony about the Rivington House and Water's Edge transactions to the City-retained law firm Carter, Ledyard & Millburn ("Carter Ledyard")—and the final decision to terminate him in November of 2016. The timing of an adverse employment action, however, is not evidence of causation where the employer began considering the action before the allegedly protected activity took place. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272–73 (2001) (per curiam). Here, Camilo testified that she was seriously considering terminating Morales in the spring of 2016, before Morales participated in the June 2016 Carter Ledyard interview. Camilo's deputy, Emily Newman, corroborated this account, testifying that Camilo discussed terminating Morales at least as soon as Newman joined DCAS in May of 2016. Camilo also emailed in March of 2016 that she was "considering making some changes to DCAS senior team" and flagged Morales's name for review by City Hall. Joint App'x at 31. While Morales argues that the decision to terminate him was not definitive until the fall of 2016, he does not dispute that Camilo was considering terminating him by spring of 2016. The temporal relationship between Morales's testimony and his termination is therefore "immaterial" because an employer's decision to "proceed[] along lines previously contemplated, though not yet definitively determined, is no

4

evidence whatever of causality." *Breeden*, 532 U.S. at 272; *cf. Nagle v. Marron*, 663 F.3d 100, 110 (2d Cir. 2011) ("[A]n employer cannot insulate itself from liability at the summary judgment stage simply by asserting that an adverse employment decision had in fact already been made, *without being memorialized or conveyed to anyone*, before the employer learned of the protected conduct." (emphasis added)).

## CONCLUSION

We find that the district court did not err in entering summary judgment for defendants because a reasonable juror could not find that Morales's testimony was the but-for cause of his termination. We have reviewed Morales's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court